THE MECHANICS' TRUST COMPANY OF NEW JERSEY, complainant,

*v.*

ALEXANDER REID and MARY E. REID, defendants-respondents; GEORGE S. HOBART et al., trustees of Universal Finance Corporation, defendants-appellants.

[Submitted October 26th, 1934. Decided January 10th, 1935.]

*Mr. George S. Hobart, Mr. George T. Vickers* and *Mr. John J. Gaffey,* for the appellants.

*Mr. Andrew J. Markey,* for the respondents.

The opinion of the court was delivered by

PARKER, J.

The dispute is over the right to a fund of something over five thousand dollars, the proceeds of a mortgage participation certificate issued by the complainant trust company. On filing the bill, the fund was paid into court, and the trust company discharged from further responsibility in the premises.

The right to the fund depends on the right to the participation certificate. This was originally owned by the Reids and registered in their names on the books of the complain-

ant trust company. As a result of radio talks and personal persuasion by officers or employes of a corporation called Finance Investment Company, which was in turn employed by Universal Finance Corporation to market its stock, the Reids agreed to take three hundred and thirty-four shares at $15 per share, and paid $10 in cash, and executed an endorsed assignment in blank of the participation certificate, which was delivered to the salesman but would not be recognized by the trust company as the property of Universal Finance Corporation until the transfer was entered on the trust company's books. Before this was consummated, the Reids learned that Universal had been closed up by the prosecutor of Essex county and notified the trust company not to complete the transfer. The interpleader suit followed.

Vice-Chancellor Fielder, in an opinion which does not seem to be reported, and which need not be printed in this place, dealt fully with the evidence, and concluded on the facts that the Reids had been induced to execute the assignment by fraudulent misrepresentations of the employes of Financial Investment Company. In that conclusion we fully concur.

To the claim that Universal Finance Corporation could not be charged with misrepresentation by employes of Financial Investment Company, the vice-chancellor properly replied that it would be inequitable to allow Universal to profit by the fraud merely by denying the authority of the salesman to perpetrate it. The representations of the salesmen were manifestly within the scope of their employment to market the stock; and the cases are clear that even at law the principal may not profit thereby. *Reilman* v. *Fiorillo, 76 N. J. Law 815; Kavky* v. *Harris, 102 N. J. Law 371; Duralith Corp.* v. *Van Houten, 113 N. J. Law 374. A fortiori* is the rule followed in equity. *Garrison* v. *Technic Electrical Works, 55 N. J. Eq. 708.* The case is simply one of the rescission by a defrauded party of a contract procured by fraud of an agent of the other party.

The decree under review will be affirmed. The case does not seem to show whether the three hundred and thirty-four

shares were ever delivered to the Reids. If not, there is an end of the matter. If they were so delivered, naturally on a rescission, as this is, they should go back to the source whence they came.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.