LOUIS ROVNER, complainant-respondent,

*v.*

ATLANTIC REALTY SERVICE, INC., defendant-appellant.

[Submitted February term, 1945.  Decided May 10th, 1945.]

*Mr. Charles A. Cohen,* for the appellant.

*Mr. Walter S. Keown,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is defendant's appeal from a decree of the Court of Chancery requiring specific performance of a written contract

to purchase a piece of real estate. The defense, which the trial court overruled, was and is that by the fraud of the respondent seller's broker, named Moffett, in representing the writing as merely an option, appellant's president, named Adamucci, was induced to sign it and make an initial payment of $100 as the price of the option, to be credited on the purchase price if sale were consummated. The story told by Adamucci, which is not substantially impugned, is that one afternoon as he reached his home he found Moffett waiting for him. Defendant corporation was engaged in building small dwelling houses for sale, subject apparently to supervision of the Federal Housing Administration, and of this Moffett was cognizant. Moffett proposed that defendant purchase the land described in the paper; Adamucci replied in substance that he was not in the market unless he could build on the land and for this he needed the consent of the F.H.A. According to his testimony, it was then arranged, after discussion, that he take an option to purchase, and pay $100 which would be forfeited if he failed to complete the purchase. But no written option agreement was ever made. Moffett, after obtaining approval of the selling price from complainant and Mr. Brown, his counsel, took a printed form of what is called in the vernacular a "contract for property" which contained no language appropriate to a buyer's option, and with a typewriter erased certain words in a paragraph numbered 3. The printed sentence read originally thus: "3. In the event of the Buyer not making settlement in accordance with the terms hereof the payment or payments made on account shall, at the Seller's option, be forfeited as liquidated damages for the failure of the Buyer to settle; or be applied on account of the purchase price." Moffett erased the words "at the Seller's option" and the final clause "or be applied on account of the purchase price," so that the clause read: "In the event of the Buyer not making settlement in accordance with the terms hereof the payment or payments made on account shall be forfeited as liquidated damages for the failure of the Buyer to settle."

It is of course entirely clear that this alteration made no substantial change in the main contract, and *a fortiori* created

no option.  But the testimony of Adamucci was positive, and was supported by that of his wife, that Adamucci told Moffett he would not agree to more than an option and would not take the property unless he had F.H.A. approval: and that Moffett persuaded him to sign by asserting that he, Moffett, was experienced in the language of such agreements and that the erasures effectively transformed a definite contract to purchase into an option.  The testimony of Mr. Brown, who acted as counsel for Rovner at the time, is that he observed the erasures and asked Moffett what they meant and why they were made, and that Moffett answered "It doesn't mean anything but it is a good thing to have it in there" and said nothing about an option.

Obviously Moffett as the broker that negotiated the contract which respondent has sued to enforce, was the agent of respondent Rovner for that purpose: and if as such agent he procured the signature of Adamucci to an absolute contract by intentionally misleading him as to its meaning and legal effect, his principal Rovner may not profit by the fraud of the agent, even though ignorant of it at the time.  The cases seem clear on this point.  *Dunston Litho. Co.* v. *Borgo, 84 N. J. Law 623; Oxweld Acetylene Co.* v. *Rizzotti, 91 N. J. Law 417; Fagan* v. *Central Railroad Co., 94 N. J. Law 454, 460; Alexander* v. *Brogley, 63 N. J. Law 307; Palmer* v. *Tomlin, 104 N. J. Law 215; Mechanics Trust Co.* v. *Reid, 117 N. J. Eq. 472; Tams* v. *Abrams, 120 N. J. Eq. 253.*  That Moffett knew the paper was not an option, we have no doubt whatever.

The decree under review will be reversed, with directions to the court below to dismiss the bill with costs.  Appellant is entitled to costs in this court.

*For affirmance*—DONGES, WELLS, RAFFERTY, JJ.   3.

*For reversal*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, COLIE, DILL, FREUND, JJ.   9.